IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 5, Plaintiff, | : : : : : | 4:07-CV-1245 |
| | : | Hon. John E. Jones III |
| v. | : : | Hon. Martin C. Carlson |
| BANTA TILE & MARBLE Defendants. | : : : | |

**MEMORANDUM**

**December 14, 2009**

FILED
HARRISBURG, PA
DEC 14 2009
MARY E. D'ANDREA, CLERK
Per _____/Deputy Clerk

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 73), filed on November 17, 2009. The R&R makes recommendations regarding both judgment and liquidated damages amounts due to the Plaintiff. Defendant Banta Tile & Marble Company, Inc. ("Defendant") filed objections to the R&R on December 7, 2009. (Doc. 85). The Plaintiff has not filed objections, and the time frame for such filings has passed. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R in its entirety.

1

I. **PROCEDURAL AND FACTUAL BACKGROUND**

As the parties to this matter are well aware, this case involves the enforcement of obligations under a collective bargaining agreement. The parties and the Court are well-informed of the lengthy procedural and factual background underlying this matter, thus we shall not undertake to reiterate the same here. Instead we shall refer the reader to the fulsome summary as set forth by Magistrate Judge Carlson in the R&R.[1]

II. **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

---

[1] Specifically see pages 3 to 14 of the R&R.

2

## III. DISCUSSION

### A. RECOMMENDATION OF MAGISTRATE JUDGE CARLSON

By Order dated September 16, 2009 (Doc. 60), we appointed Magistrate Judge Carlson to act as a special master in this case. Specifically, Magistrate Judge Carlson was tasked to make recommendations to aid in the enforcement of the judgment rendered by this Court and affirmed on appeal by the Third Circuit.

Magistrate Judge Carlson recommended, in accordance with the collective bargaining agreement and the arbitrator's decision, that judgment be entered consistent with the reported hours worked by the Defendant's employees as derived from the Defendant's own business records. The amounts are as follows:

1. The total amount due to the Health and Welfare Fund is $1,184,741.31;

2. The total amount due the International Pension Fund is $735,297.75; and

3. The total amount due the International Masonry Institute is $127,895.32.

Magistrate Judge also recommended that judgment be entered, consistent with Section 3 of the collective bargaining agreement for 1) liquidated damages and 2)

contractual interest due the Health and Welfare Fund, International Pension Fund and the International Masonry Institute. Those amounts are as follows:

1. The total amount of liquidated damages due the Funds is $102,396.72.

2. The total amount of interest due the Funds is $750,272.04.

**B.     DEFENDANT'S OBJECTION**

The Defendant lodges a single objection to the R&R, arguing that the award of the sums as recommended by Magistrate Judge Carlson would constitute a "windfall" since the Health and Welfare Fund has not paid any claims for benefits for Banta employees during the relevant years. Defendant made this argument before Magistrate Judge Carlson, and it was soundly rejected by Magistrate Judge Carlson:

> . . .Banta also states that it is not aware of any of the hours worked by Banta employees since May 1, 2006, being credited as hours worked in accordance with the Union's Pension Plan, and suggests that this assertion raised the issue of a potential windfall to the Union Funds. (Doc. 68, at pages 2-4). On the basis of these new matters, Banta urged the Court to not hold it accountable for these contractual contributions.
>
> We will decline this invitation. At bottom, Banta's argument invites us, at this late date, to rule in a way which would undermine the prior decision of the arbitrator, the district court, and the court of appeals, all of whom have found that Local 5, and its members, are entitled to payment of benefits as required by the collective bargaining agreement. Thus, accepting Banta's invitation would, in effect, call upon us to re-open this arbitration decision under the guise

4

> of assessing the amount of the company's contribution and consider other matters in mitigation of the original arbitrator's decision. Further, Banta asks us to adopt this course even after the district court and the court of appeals have both sustained the arbitrator's award.

(Doc. 73, p. 24).

As Magistrate Judge Carlson correctly notes, the doctrine of the law of the case specifically cautions against the course of action that Defendant invites us to take. The doctrine instructs that "once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances . . . The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration.'" *Hayman Cash Register, Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1981) (quoting *Todd & Co., Inc. v. S.E.C.*, 637 F.2d 154, 156 (3d Cir. 1980)). To be sure, the Court may exercise its discretion to revisit an already decided issue, however, courts are directed to exercise such discretion only under "extraordinary circumstances," which typically involve instances where (1) new evidence is available or (2) a supervening new law has been announced. *In re Pharmacy Benefit Managers Antitrust Litigation* 582 F.3d 432, 439 (3d Cir. 2009) (citing *Pub. Interest Research Group of NJ, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 2007)).

It is evident to this Court, as it was to Magistrate Judge Carlson, that the Defendant has provided no compelling reason to depart from the law of the case doctrine and effectively re-open the arbitrator's decision. The Defendant's sole basis for doing so is a general claim that fully complying with the arbitrator's decision could lead to a "windfall" for the Plaintiff. The Defendant does not present the Court with any type of "extraordinary circumstances" to justify re-opening the arbitrator's decision.

Also, and as aptly noted by the Magistrate Judge, the Defendant's current legal posture is a consequence of the choices made by the Defendant throughout this litigation. In particular, the Defendant is limited in the defenses which it can assert at this late date because it chose not to timely pursue these issues in the arbitration process, before this Court and on appeal. As recognized by Magistrate Judge Carlson:

> [T]he scope of this award, which Banta now characterizes as a "windfall," is in large measure a result of ill-conceived litigation decisions by Banta. When Banta was confronted with an adverse arbitrator's ruling in April of 2007 it had two simple choices which could have mitigated the current award: First, Banta could have complied with the award, while contesting that arbitrator's decision. Had Banta followed this path, it would now be entitled to a credit for these payments, *see Vernau v. Port Vue Super Dollar Market*, 614 F. Supp. 531 (W.D. Pa. 1985), and it could have largely avoided the interest and penalty provisions of the collective bargaining agreement. In the alternative, Banta could have sought a stay of the

> effective date of this decision while it litigated these matters. Through adopting these simple measures Banta could have reduced the current contribution liability for the company by as much as $1,500,000. Instead, Banta elected to follow a third path, one which coupled contractual non-compliance with litigation delay. The inevitable consequence of this choice now is greater liability for Banta at the close of the litigation. Since Banta's current posture is the result of these tactical choices made by the defendant, the equitable considerations which guide the law of the case doctrine weigh heavily against Banta in this instance.

(Doc. 73, pp. 27-28).

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule the Defendant's objection and adopt the R&R in its entirety.

## V. CONCLUSION

Accordingly, for the reasons set forth above, the Defendant's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 5,<br>Plaintiff, | : : : : : | 4:07-CV-1245 |
| v. | : : | Hon. John E. Jones III |
| BANTA TILE & MARBLE<br>Defendants. | : : : : | Hon. Martin C. Carlson |

FILED
HARRISBURG, PA

DEC 1 4 2009

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## ORDER

**December 14, 2009**

In conformity with the Memorandum issued on today's date, it is hereby

**ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Carlson dated November 17, 2009 (Doc. 73) is **ADOPTED** in its entirety.

2. The objection of Defendant (Doc. 85) is **OVERRULED**.

3. Plaintiff's Motion to Enforce Judgment and Liquidate the Judgment (Doc. 64) is **GRANTED** to the following extent:

    a. Judgment is entered, in conformity with the Magistrate Judge's recommendation, as follows:

i. The total judgment amount due to the Health and Welfare Fund is $1,184,741.31;

ii. The total judgment amount due the International Pension Fund is $735,297.75;

iii. The total judgment amount due the International Masonry Institute is $127,895.32;

iv. The total amount of liquidated damages due the Funds is $102,396.72; and

v. The total amount of interest due the Funds is $750,272.04.

4. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Dissipation of Assets (Doc. 77) is **DISMISSED** as **MOOT.**[1]

5. The hearing scheduled for December 29, 2009 at 9:30 a.m. is **CANCELLED.**

6. The Clerk of Court is directed to **CLOSE** this case.

---

[1] It is evident to the Court that this Motion endeavors to seek pre-judgment relief. Given that, by this Order, the case has been fully disposed of by the Court, the relief Plaintiff seeks is unavailable, inasmuch as F.R.C.P. 64 governs pre-judgment relief and proceedings. Plaintiff is, however, free to seek other remedies as they relate to post-judgment relief and proceedings.

s/ John E. Jones III
John E. Jones III
United States District Judge